UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES MICHAEL DENSMORE, | CASE NO. C15-572-MJP-JPD |
| Petitioner, | ORDER ADOPTING REPORT AND RECOMMENDATION |
| v. | |
| PAT GLEBE, | |
| Respondent. | |

THIS MATTER comes before the Court on Petitioner's Objections to the Report and Recommendation of the Honorable James P. Donohue, Chief United States Magistrate Judge. (Dkt. No. 28.) Having considered the Report and Recommendation, Petitioner's Objections, and all related papers, the Court ADOPTS the Report and Recommendation.

**Background**

Petitioner raises the following objections the Report and Recommendation: (1) Petitioner properly exhausted his second and third grounds for relief because he did raise ineffective assistance of counsel, even if he did not raise the exact iterations of ineffective assistance raised here; (2) Detective Lambier's report should count as newly discovered evidence because even

ORDER ADOPTING REPORT AND
RECOMMENDATION- 1

though Petitioner's trial counsel was in possession of the report at the time of Petitioner's trial, Petitioner himself was not alerted about the report's existence until the state's response to Petitioner's state court personal restraint petition; (3) the newly discovered or newly presented evidence establishes that no reasonable juror would have found Petitioner guilty beyond a reasonable doubt; (4) the Court should order an evidentiary hearing; and (5) if the Court agrees with the Report and Recommendation and finds three of Petitioner's four grounds for relief to be procedurally defaulted, the Court should grant a certificate of appealability on those issues. (Dkt. No. 28 at 2-17.)

**Discussion**

I.   Legal Standard

Under Fed. R. Civ. P. 72, the Court must resolve de novo any part of the Magistrate Judge's Report and Recommendation that has been properly objected to and may accept, reject, or modify the recommended disposition.  Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. § 636(b)(1).

II.  Petitioner's Objections to the Report and Recommendation

A.   Procedural Default

Judge Donohue found Petitioner failed to properly exhaust several of his claims, and concluded that they are now procedurally defaulted: subclaim (a) of Petitioner's first ground for relief (prosecutor's withholding of evidence); Petitioner's second ground for relief (ineffective assistance for failing to object during the prosecutor's closing); and Petitioner's third ground for relief (ineffective assistance for failing to cross-examine Detective Lambier about the police report). (Dkt. No. 27 at 4-16.)  Petitioner does not challenge Judge Donohue's conclusion as to ground 1(a), but argues that grounds two and three should be considered exhausted under the

more lenient exhaustion standard for pro se plaintiffs established in Sanders v. Ryder, 342 F.3d 991, 999 (9th Cir. 2003). (Dkt. No. 28 at 2-5.)

The Court agrees with Judge Donohue's conclusion that Petitioner's second and third grounds for relief are procedurally defaulted. In order to exhaust a claim, a petitioner must have presented to the state court both the operative facts and the legal theory upon which the claim is based. See Bland v. California Dep't of Corr., 20 F.3d 1469, 1473 (9th Cir. 1994) overruled on other grounds by Schell v. Witek, 218 F.3d 1017 (9th Cir. 2000). As to the second ground, Petitioner did not raise the operative facts on direct appeal, did not raise the issue in his motion for discretionary review before the Washington Supreme Court, and did not raise the operative facts in his motion to modify the Commissioner's ruling. As to the third ground, Petitioner did not raise the operative facts on direct appeal or in his personal restraint petition. The Court ADOPTS the Report and Recommendation's conclusion that Petitioner's second and third grounds for relief are procedurally defaulted.

    B.  Newly Discovered Evidence

Judge Donohue concluded that Detective Lambier's report regarding Mr. Bowman's confession was not newly discovered evidence because Petitioner's trial counsel received the report prior to trial. (Dkt. No. 27 at 11.) Petitioner argues that the report should count as newly discovered evidence because even though Petitioner's trial counsel was in possession of the report at the time of Petitioner's trial, Petitioner himself was not alerted about the report's existence until the state's response to Petitioner's state court personal restraint petition. (Dkt. No. 28 at 5-6.)

The Court agrees with Judge Donohue that evidence in the possession of Petitioner's trial counsel at the time of trial is not evidence that could not have been discovered earlier by the exercise of due diligence.  See In re Yates, 183 Wn.2d 572, 576 (2015).

C.   Cause and Prejudice

Judge Donohue concluded that Petitioner failed to demonstrate any factor external to the defense prevented Petitioner from complying with the state's procedural rules, and that Petitioner failed to present new reliable evidence of actual innocence.  (Dkt. No. 27 at 12-15.)  Petitioner argues that Judge Donohue erred because with regards to an ineffective assistance of counsel claim, actions by Petitioner's trial attorney should be considered external to the defense.  (Dkt. No. 28 at 6-7.)  Petitioner also argues that he has met the Schlup v. Delo, 513 U.S. 298 (1995), standard for actual innocence because Detective Lambier's report establishes that it is more likely than not that no reasonable juror would have found Petitioner guilty beyond a reasonable doubt.  (Id. at 7-10.)

The Court agrees with Judge Donohue's conclusion that Petitioner has not demonstrated cause and prejudice and has not demonstrated a fundamental miscarriage of justice.  Petitioner's cause argument is foreclosed by Supreme Court precedent, see Coleman v. Thompson, 501 U.S. 722, 752 (1991), and as Judge Donohue found, the investigations report confirms Petitioner's guilt more than it suggests his innocence.

D.   Evidentiary Hearing and Certificate of Appealability

Judge Donohue concluded that because Petitioner's ineffective assistance of counsel claims have been resolved on the state court record, an evidentiary hearing is not necessary.  (Dkt. No. 27 at 15.)  Judge Donohue also concluded that Petitioner is not entitled to a certificate

ORDER ADOPTING REPORT AND
RECOMMENDATION- 4

of appealability for grounds 1(a), 2, and 3.  (Id.)  Petitioner asks the Court to hold an evidentiary hearing, and requests a certificate of appealability.  (Dkt. No. 28 at 10-17.)

The Court agrees with Judge Donohue's conclusions.  An evidentiary hearing is not necessary, and Petitioner has not demonstrated that jurists of reason could disagree with the resolution of grounds 1(a), 2, and 3.

## Conclusion

The Court ADOPTS the Report and Recommendation in its entirety.  Grounds for relief 1(a), 2, and 3 of Petitioner's habeas petition are DENIED.  A certificate of appealability as to these claims is DENIED.  Petitioner's Motion for an evidentiary hearing (Dkt. No. 25) is DENIED.

This matter is RE-REFERRED to Judge Donohue for consideration of the merits of ground 1(b). Within **thirty (30) days** of the date of this order, Respondent shall file a supplemental answer that addresses the merits of ground 1(b).  The supplemental answer will be treated in accordance with Local Rule 7.  Accordingly, on the face of the supplemental answer, Respondent shall note it for consideration on the fourth Friday after filing.  Petitioner may file and serve a response no later than the Monday immediately preceding the Friday designated for consideration of the matter, and Respondent may file and serve a reply not later than the Friday designated for consideration of the matter.

The clerk is ordered to provide copies of this order to all Parties and to Judge Donohue.

Dated this 29th day of June, 2016.

Marsha J. Pechman
United States District Judge